O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#17

CIVIL MINUTES - GENERAL

| Case No. | CV 11-3428 PSG (PLAx) | Date | September 13, 2011 |
|---|---|---|---|
| Title | Kemah Henderson et al. v. JPMorgan Chase Bank et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):          Attorneys Present for Defendant(s):

Not Present                                              Not Present

**Proceedings:** **(In Chambers) Order DENYING Defendant JPMorgan Chase Bank's Motion to Dismiss Pursuant to the First-to-File Rule**

Before the Court is Defendant JPMorgan Chase Bank's motion to dismiss this action pursuant to the first-to-file rule. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers submitted in support of and in opposition to the motion, the Court DENIES the motion.

I.      Background

On February 17, 2011, Carolyn Salazar filed a putative class action (the "*Salazar* action") against Defendant JPMorgan Chase Bank ("Chase") in United States District Court for the Southern District of California. *See Salazar v. JPMorgan Chase & Co. et al.,* Case No. CV 11-0337-JAH-BGS (S.D. Cal. 2011). In May 2011, upon Chase's motion, the case was transferred to the Central District of California. *See* Case No. CV 11-4294 PSG (PLAx) (C.D. Cal. 2011). The case was then eventually assigned to the Honorable Philip S. Gutierrez because it was determined to be related to a case already pending before him, namely, *Hightower et al. v. JPMorgan Chase Bank, N.A.,* Case No. CV 11-1802 PSG (PLAx) (C.D. Cal. 2011). *See* CV 11-4294 PSG (PLAx), Dkt # 15.

Plaintiff in the *Salazar* action asserts claims against Chase for violations of the Fair Labor Standards Act of 1938, California Labor Code, California Business & Professions Code section 17200 *et seq.*, and California Code of Regulations. *See Salazar FAC* [Dkt # 21]. These claims are based on allegations that Chase failed to provide adequate seating for bank teller employees,

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#17**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3428 PSG (PLAx) | Date | September 13, 2011 |
|---|---|---|---|
| Title | Kemah Henderson et al. v. JPMorgan Chase Bank et al. | | |

underpaid employees by "salami-slicing" recorded work hours, and required employees to purchase uniforms with personal funds. *See id.* at ¶¶ 17-21, 71-72.

On March 17, 2011, one month after the *Salazar* action was filed, Kemah Henderson and Taquonna Lampkins filed a separate putative class action (the "*Henderson* action") against Chase in Los Angeles Superior Court. The complaint in the *Henderson* action alleges that Chase violated the California Labor Code by failing to provide suitable seats to bank teller employees. *See Henderson Complaint* ¶¶ 18-19. After Chase removed the *Henderson* action to this Court, *see Notice of Removal* [Dkt # 1], it was determined to be related to the *Salazar* action, *see* Dkt # 15, and consequently assigned to the Honorable Philip S. Gutierrez. *See Kemah Henderson et al. v. JPMorgan Chase Bank et al.,* Case No. 11-CV-3428 PSG (PLAx) (C.D. Cal. 2011).

Chase now moves to dismiss the *Henderson* action under the "first-to-file" rule.

II.  Legal Standard

The first-to-file rule is a "generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.,* 678 F.2d 93, 94-95 (9th Cir. 1982). The purpose of the rule is "to eliminate wasteful duplicative litigation, to avoid rulings that may trench upon a sister court's authority, and to avoid piecemeal resolution of issues calling for a uniform result." *Save Power Ltd. v. Synteck Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). Application of the first-to-file rule allows lower federal courts "an ample degree of discretion" and should reflect interests in conservation of judicial resources and comprehensive disposition of litigation. *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183-84 (1952); *see also Alltrade, Inc. v. Uniweld Prod., Inc.,* 946 F.2d 622, 628 (9th Cir. 1991) ("The decision and the discretion belong to the district court.").

III.  Discussion

Chase contends that this case—i.e., the *Henderson* action—should be dismissed or stayed under the first-to-file rule because it is a "copycat" of the previously filed *Salazar* action. *See Motion* 2:2-7. According to Chase, application of the first-to-file rule is warranted here because it would "serve judicial efficiency and avoid duplicative litigation of claims that are subject to an already pending class action." *Id.* at 2:17-18. The Court disagrees.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#17

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3428 PSG (PLAx) | Date | September 13, 2011 |
|---|---|---|---|
| Title | Kemah Henderson et al. v. JPMorgan Chase Bank et al. | | |

The first-to-file rule is generally invoked with success when the actions at issue are pending in different district courts. *See, e.g., AmerisourceBergen Corp. v. Roden,* 495 F.3d 1143, 1156 (9th Cir. 2007) ("When two cases involving the same parties and issues are filed in two federal districts, the first-to file rule permits the second district to exercise its discretion to transfer, stay, or dismiss the second suit in the interests of efficiency and judicial economy."). Courts have even expressed conditional approval of the rule's application where the actions at issue are pending before different judges in the same district court. *See Olin Corp. et al. v. Cont'l Cas. Co. et al,* No. CV 10-0623, 2011 WL 1337407, *2 (D. Nev. Apr. 6, 2011).

But courts have regularly declined to apply the first-to-file rule in those situations where the two actions at issue are pending *before the same judge*. *See, e.g., Lantiq N. Am., Inc. v. Ralink Tech. Corp.,* No. CV 11-0234, 2011 WL 2600747, *9 (N.D. Cal. Jun. 30, 2011); *Word Music, LLC v. Priddis Music, Inc.,* No. CV 07-0502, 2007 WL 3231835, *1 (M.D. Tenn. Oct. 30, 2007); *Olin Corp.*, 2011 WL 1337407 at *3. In such situations, the concerns justifying application of the rule—comity, efficiency, and uniformity—are nonexistent or greatly reduced. *See Olin*, 2011 WL 1337407, at *2 (noting that where "both cases are before the same judge, the concerns about treading upon the authority of other courts or blindly engaging in duplicative litigation become far less pertinent."); *Word Music,* 2007 WL 3231835 at *2 (concluding that the first-to-file rule "is no longer relevant" upon transfer of the second action to the same district and judge presiding over the first action).

As the actions at issue here are now pending before the same judge, the Court determines that application of the first-to-file rule is not appropriate. *See Olin*, 2011 WL 1337407, at *2. The Court therefore declines to dismiss or stay this action pursuant to the first-to-file rule.

IV.     Conclusion

For the foregoing reasons, the Court DENIES Defendant's motion to dismiss or stay this case pursuant to the first-to-file rule.

**IT IS SO ORDERED.**

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**#17**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3428 PSG (PLAx) | Date | September 13, 2011 |
|---|---|---|---|
| Title | Kemah Henderson et al. v. JPMorgan Chase Bank et al. | | |