Kevin J. McInerney (SBN 46941)
kevin@mcinerneylaw.net
18124 Wedge Parkway, #503
Reno, Nevada 89511
Tel: (775) 849-3811
*Attorney for Henderson and Lampkins*

James F. Clapp (SBN 145814)
jclapp@clapplegal.com
Marita M. Lauinger (SBN 199242)
mlauinger@clapplegal.com
CLAPP & LAUINGER LLP
701 Palomar Airport Road, Suite 300
Carlsbad, CA 92011
Tel: (760) 209-6565
Fax: (760) 209-6565
*Attorneys for Henderson and Lampkins*

*Additional counsel on the next page*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEMAH HENDERSON, TAQUONNA LAMPKINS, CAROLYN SALAZAR and TAMANA DALTON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>JPMORGAN CHASE BANK, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:11-CV-03428 PSG (PLAx)<br><br>**PLAINTIFFS' REQUEST FOR CLARIFICATION OF SCOPE OF TRIAL**<br><br>Pretrial Conference:<br>February 12, 2018 at 2:30 p.m.<br><br>Trial:<br>February 27, 2018 at 9:00 a.m. |

Raul Perez (SBN 174687)
raul.perez@capstonelawyers.com
Melissa Grant (SBN 205633)
melissa.grant@capstonelawyers.com
CAPSTONE LAW APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Tel: (310) 556-4811
Fax: (310) 943-0396
*Attorneys for Salazar*

Mark A Ozzello (SBN 116595)
mark@ozzellolaw.com
THE OZZELLO PRACTICE
17383 West Sunset Boulevard, Suite A380
Pacific Palisades, California 90272
Tel: (844) 774-2020
Fax: (310) 454-5970
*Attorney for Dalton*

PLAINTIFFS' REQUEST FOR CLARIFICATION OF SCOPE OF TRIAL
Case No. 2:11-CV-03428 PSG (PLAx)

Plaintiffs respectfully request this Court to clarify its order of November 21, 2017, which set dates for trial and the pretrial conference. In particular, Plaintiffs seek clarification of whether the Court has precluded them from proceeding under PAGA on a representative action basis – *i.e.,* on behalf of the State of California *and* other "aggrieved employees" within the meaning of PAGA – or only with respect to what Defendant JPMorgan Chase characterizes as those Plaintiffs' "individual" PAGA claims. The difference, of course, determines the scope of relevant discovery, the scope and nature of trial evidence,[1] the length of trial, and the legal issues to be decided.

Plaintiffs have met and conferred with Defendant several times on this issue prior to bringing this motion and continue to discuss aspects of the trial.

If this Court intended to rule that Plaintiffs may only proceed on an individual, non-representative basis, Plaintiffs respectfully request that this Court certify that ruling for interlocutory appeal pursuant to 28 U.S.C. §1292(b). Plaintiffs did not plead any individual PAGA claims and do not believe that the California Legislature intended to permit PAGA claims to proceed on an individual, non-representative basis. *See Iskanian v. CLS Transportation Los Angeles, LLC*, 59 Cal.4th 348, 384 (2016) ("whether or not an individual claim is permissible under the PAGA, a prohibition of representative claims frustrates the PAGA's objectives"); *Reyes v. Macy's, Inc.*, 202 Cal. App. 4th 1119, 1123 (2012) ("plaintiff may not and does not bring the PAGA claim as an individual claim, but 'as the proxy or agent of the state's labor law enforcement agencies.' (*Arias v. Superior Court* (2009) 46 Cal.4th 969, 986, 95 Cal.Rptr.3d 588, 209 P.3d 923.)"

---

[1] For example, whether Plaintiffs will need to incur the significant costs of engaging survey and ergonomics experts to conduct statewide analyses and whether percipient witnesses will be required to testify as to Defendant's statewide practices and all branch configurations.

Certification for interlocutory review under 28 U.S.C. §1292(b) is appropriate "[w]hen a district judge, in making in a civil action an order not otherwise appealable..., shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal form the order may materially advance the ultimate termination of the litigation."

Here, the issue is whether plaintiffs in a PAGA action may be precluded from proceeding on a representative basis on behalf of the State *and* other aggrieved employees, and thus be limited to seeking PAGA civil penalties only for violations of Labor Code violations committed against themselves individually. Stated another way, if the Court takes the position that the State can choose to seek civil penalties under the Labor Code and PAGA for an individual employee only, then can the Court thereby preclude the State from seeking relief for multiple employees if the State alleges that more than one employee is aggrieved. Plaintiffs' position is that even if the Court and Defendant were correct that State enforcement officials *could* exercise their discretion in a particular case to pursue remedies for only a single employee, that does not mean the State, and through its proxies, could not choose to exercise its discretion to seek Labor Code relief for a broader group of employees.

There is difference of opinion as to that question, as shown by the contrary positions taken by the parties in their briefs. Resolution of that question by the Ninth Circuit may materially advance the ultimate termination of the litigation because it would avoid the potential need for a second trial, on behalf of all other aggrieved employees who worked as tellers for JPMorgan Chase in California during the applicable limitations period – a trial that would be required, if Plaintiffs' construction of PAGA is correct, regardless of the outcome of any individual-only trial. Moreover, to the extent the Court allows the parties in an individual-only trial to present evidence of other tellers' circumstances or the nature of work at branches other than those in which Plaintiffs were employed, obtaining a ruling from the

1 | Ninth Circuit on this apparently unresolved legal issue would avoid unnecessary and
2 | expensive duplication of effort.

    December 21, 2017                Respectfully submitted,

                                          /s/ Kevin J. McInerney
                                          Kevin J. McInerney
                                          *Attorney for Plaintiffs Henderson*
                                          *and Lampkins*

# PROOF OF SERVICE

I, the undersigned, declare as follows:

I am employed in the County of Washoe, State of Nevada. I am over the age of eighteen (18) years and not a party to the within action; and that my business address is 18124 Wedge Parkway, #503, Reno Nevada, 89511. On December 21, 2017, I served the foregoing document(s) described as:

1) **PLAINTIFFS' REQUEST FOR CLARIFICATION OF SCOPE OF TRIAL**

on all interested parties in this action addressed to the addressee as follows:

Alexander L. Grodan
agrodan@morganlewis.com
Carrie A. Gonell
cgonell@morganlewis.com
John D. Hayashi
jhayashi@morganlewis.com
MORGAN LEWIS AND BOCKIUS
600 Anton Blvd., Suite 1800
10 Costa Mesa, CA 92626
*Attorney for Defendant JPMorgan Chase*

Sam S. Shaulson
sshaulson@morganlewis.com
MORGAN LEWIS AND BOCKIUS
101 Park Avenue
New York, NY 10179-0060
*Attorney for Defendant JPMorgan Chase*

James F. Clapp (SBN 145814)
jclapp@clapplegal.com
Marita M. Lauinger (SBN 199242)
mlauinger@clapplegal.com
CLAPP & LAUINGER LLP
701 Palomar Airport Road, Suite 300
Carlsbad, CA 92011
Tel: (760) 209-6565
Fax: (760) 209-6565
*Attorneys for Henderson and Lampkins*

Raul Perez (SBN 174687)
raul.perez@capstonelawyers.com
Melissa Grant (SBN 205633)
melissa.grant@capstonelawyers.com
CAPSTONE LAW APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Tel: (310) 556-4811 Fax: (310) 943-0396
*Attorneys for Salazar*

Mark A Ozzello (SBN 116595)
mark@ozzellolaw.com
THE OZZELLO PRACTICE
17383 West Sunset Boulevard, Suite A380
Pacific Palisades, California 90272
Tel: (844) 774-2020
Fax: (310) 454-5970
*Attorney for Dalton*

XX   **By CM/ECF-** I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the above CM/ECF registrant(s).

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on December 21, 2017, at Reno, Nevada.

          /s/ Kevin J. McInerney
          Kevin J. McInerney