MORGAN, LEWIS & BOCKIUS LLP
CARRIE A. GONELL, SBN 257163
cgonell@morganlewis.com
JOHN D. HAYASHI, SBN 211077
jhayashi@morganlewis.com
ALEXANDER L. GRODAN, SBN 261374
agrodan@morganlewis.com
JOEL M. PURLES, SBN 266208
joel.purles@morganlewis.com
600 Anton Boulevard, Suite 1800
Costa Mesa, CA  92626-7653
Tel:  949.399.7000
Fax:  949.399.7001

SAM S. SHAULSON, *appearing Pro Hac Vice*
sshaulson@morganlewis.com
101 Park Avenue
New York, NY 10178-0060
Tel:  212.309.6000
Fax:  212.309.6001

Attorneys for Defendant
JPMORGAN CHASE BANK

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEMAH HENDERSON, TAQUONNA LAMPKINS, CAROLYN SALAZAR, and TAMANA DALTON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>JPMORGAN CHASE BANK; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 11-CV-03428-PSG (PLAx)<br><br>Hon. Philip S. Gutierrez<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A.'S OPPOSITION TO PLAINTIFFS' REQUEST FOR CLARIFICATION OF SCOPE OF TRIAL**<br><br>Trial:     February 27, 2018<br>Ctrm:    6A |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

CHASE'S OPPOSITION TO PLAINTIFFS'
REQUEST FOR CLARIFICATION

DB2/ 32434350.12

## I. INTRODUCTION

Plaintiffs' request for "clarification" of this Court's November 21, 2017 Order setting trial for February 27, 2018 ("Trial Order") is meritless. First, the Trial Order requires no clarification as to the scope of the upcoming trial. This Court has unambiguously stated that —following Plaintiffs' failure to present a viable trial plan for seeking PAGA penalties as to all Chase Tellers statewide— Plaintiffs may proceed on PAGA representative claims based on alleged seating violations affecting the group of the four named Plaintiffs.

Second, Plaintiffs' cursory request for an interlocutory appeal of the Trial Order under 28 U.S.C. § 1292(b) should be summarily rejected as it is entirely devoid of legal or factual support. Plaintiffs do not even attempt to bear their heavy burden of proving that this Court's Trial Order: (1) involves a "controlling issue of law"; (2) where there is a "substantial ground for difference of opinion"; and (3) that an immediate appeal "may materially advance the termination of the litigation." Moreover, the circumstances here weigh heavily against granting such an appeal. Because Plaintiffs have already pursued a years-long appeal of their motion for class certification—and have now abandoned their plan to proceed on a class basis—this case has already been proceeding for several years. If an interlocutory appeal were granted now, Chase would also be *heavily prejudiced* by having to once again wait years for a Ninth Circuit decision, during which time potential penalties under PAGA may continue to accrue. Thus, in addition to Plaintiffs' abject failure to satisfy § 1292(b), the Court should exercise its discretion to deny Plaintiffs' request.

## II. ARGUMENT

### A. There Is Nothing To Clarify: This Court Has Plainly Stated The Scope Of Plaintiffs' Upcoming Trial.

There is nothing for this Court to "clarify" concerning its Trial Order because this Court has already explained that the upcoming trial will address PAGA

penalties—if any—on behalf of the State for those seating violations allegedly suffered by the group of named Plaintiffs. At the Status Conference held on November 20, 2017 after four rounds of briefing on Plaintiffs' proposed statewide trial plan, Plaintiffs conceded that, given the Court's rejection of their Trial Plan, they could not proceed to trial on their statewide claims. Gonell Decl., Ex. A, at 4:5-9. At the same time, the Court agreed with Chase that "there remains a representative action in this case with respect to the penalties alleged by the four named plaintiffs as to themselves." *Id.* at 4:20-5:5. The Trial Order issued the next day, scheduling Plaintiffs' PAGA representative action for a trial addressing penalties for seating violations as to the named Plaintiffs. Dkt. 244. Accordingly, Plaintiffs' request for the Court to further clarify its already well-defined Order on the scope of trial is unnecessary.

### B. Plaintiffs' Conditional Request For An Interlocutory Appeal Must Be Rejected Because Plaintiffs Cannot Satisfy The Exceptional Circumstances Required For Such An Appeal.

Plaintiffs' conditional request for this Court to certify an interlocutory appeal of the Trial Order (or, alternatively, any yet-to-be issued clarification thereof) must be denied.[1] As an initial matter, Plaintiffs state that they are only seeking interlocutory appeal if this Court "intended to rule that Plaintiffs may only proceed on an individual, non-representative basis." Pls.' Mot. at 2. Because, as discussed above, this Court has already agreed that a representative action remains pending as to the named Plaintiffs, the stated condition to seeking interlocutory appeal has never occurred. On this basis alone, Plaintiffs' request should be denied.

Plaintiffs' interlocutory appeal request must also be denied because Plaintiffs cannot discharge their "burden of establishing § 1292(b)'s narrowly construed

---

[1] Because the Ninth Circuit "review[s] the district court's order" on interlocutory appeal and not just the question certified, *see, e.g., Bassidji v. Goe*, 413 F.3d 928, 935 (9th Cir. 2005), Chase cannot fully address Plaintiffs' request for an interlocutory appeal of a hypothetical "clarifying" order that does not exist. Accordingly, if this Court issues a clarifying order, Chase respectfully reserves its right to further challenge Plaintiffs' request for an interlocutory appeal on any additional grounds raised by the content of the clarifying order.

elements." *See City of Colton v. Am. Promotional Events, Inc.*, 2011 WL 13223884, at *3 (C.D. Cal. May 26, 2011). This Court has discretion to certify a decision for interlocutory appeal only if: (1) the order "involves a controlling question of law"; (2) over which there is a "substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "Section 1292(b) '[i]s not intended merely to provide review of difficult rulings in hard cases.'" *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, 2014 WL 12614472, at *2 (C.D. Cal. Nov. 20, 2014). Rather, "certification for interlocutory appeal should be applied ***sparingly*** and only granted in ***exceptional circumstances*** in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *Herrera v. Cnty. of L.A.*, 2013 WL 12120073, at *5 (C.D. Cal. June 17, 2013). "Section 1292(b) was intended primarily as a means of expediting litigation by permitting appellate consideration during the early stages of litigation of legal questions which, if decided in favor of the appellant, would end the lawsuit." *United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959).

Here, Plaintiffs do not even try to satisfy any of the elements of 1292(b)'s "narrowly construed" test—let alone demonstrate that "exceptional circumstances" exist that would require immediate appeal of this Court's Trial Order. Instead, Plaintiffs appear to tack on their one-page interlocutory appeal request as a mere formality, without citing ***any*** case law to support their baseless request for an appeal so close to trial. *See* Pls.' Req. at 3-4. Because Plaintiffs have not even attempted to meet their burden of establishing the § 1292(b) elements, the Court should summarily deny Plaintiffs' request without any further consideration. *See, e.g.*, *Herrera*, 2013 WL 12120073, at *5-6 (Court cannot certify interlocutory appeal where moving party "has not demonstrated that the elements of § 1292(b) are satisfied"); *City of Colton v. Am. Promotional Events, Inc.*, 2011 WL 13223883,

at *1 (C.D. Cal. Jan. 3, 2011) (denying certification where "Moving Parties are unable to satisfactorily establish any of the three § 1292 elements").

If the Court is nonetheless inclined to consider Plaintiffs' unsupported request for an interlocutory appeal, this Court should still reject that request because—for all of the reasons below—Plaintiffs cannot satisfy *any* of the required elements for seeking certification of an interlocutory appeal under § 1292(b).

1. **Plaintiffs Cannot Establish A Controlling Question Of Law.**

Plaintiffs' request for certification of an interlocutory appeal should be denied because Plaintiffs cannot establish that the Trial Order involves a "controlling question of law" as § 1292(b) requires. Plaintiffs allege the controlling question of law is "whether plaintiffs in a PAGA action may be precluded from proceeding on a representative basis on behalf of the State *and* other aggrieved employees." Pls.' Mot. at 3. As an initial matter, this question is not even posed by the Trial Order because, as discussed above, this Court has ruled that Plaintiffs can proceed with a representative action on behalf of the State for alleged violations suffered by the named Plaintiffs. *See* Gonell Decl., Ex. A, at 4:20-5:5.

Moreover, even if that question did relate to an order of this Court, it is not an appropriate basis for an interlocutory appeal because it is not a "controlling" question of law. To be controlling, Plaintiffs must show that "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981). Given that this Court has already agreed that "there remains a representative action in this case" with respect to the PAGA penalties that Plaintiffs seek on behalf of the State of California for violations as to other allegedly aggrieved employees—*i.e.*, the group of named Plaintiffs (*see* Gonell Decl., Ex. A, at 4:20-5:5)—Plaintiffs' proposed question regarding whether they could "proceed on an individual, non-representative basis" (Pls.' Mot. at 2) is merely hypothetical. Because any resolution of Plaintiff's theoretical question "will not materially affect the outcome

of [Plaintiffs'] litigation," the question cannot be controlling and is inappropriate for interlocutory appeal. *See Herrera*, 2013 WL 12120073, at *5; *see also In re Cement*, 673 F.2d at 1027 ("Since an appellate decision could in no way materially affect the eventual outcome of the litigation, we cannot view the question as controlling.").

### 2. Plaintiffs Cannot Establish A Substantial Ground For Difference of Opinion.

Plaintiffs' request for an interlocutory appeal also fails for want of a "substantial ground for difference of opinion" as to the propriety of the Trial Order. "[A] party's strong disagreement with the Court's ruling is not sufficient for there to be a substantial 'ground for difference.'" *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Moreover, that "settled law might be applied differently does not establish a substantial ground for difference of opinion." *Id.* Instead, this requirement "encompass[es] differences among judicial bodies." *City of Colton*, 2011 WL 13223883, at *2.

Here, Plaintiffs have not established any divergent judicial bodies—let alone substantial differences—about the scope of the upcoming trial that this Court has charted. To the contrary, Plaintiffs previously conceded that trial could be limited to address seating violations as to a group that is less than all California Tellers. *See* Gonell Decl., Ex. B at 5:19-24 ("[Plaintiffs] have not decided how many of the locations we will actually prosecute for violating the seating requirement."). In these circumstances, a trial of a narrower scope was necessitated by Plaintiffs' inability to propose a workable statewide trial plan. Plaintiffs' motion is based on their own disagreement with the Court's decision, but not any judicial disagreement of the kind envisioned. *See Couch*, 611 F.3d at 633.[2]

---

[2] To the extent Plaintiffs assert there is a substantial ground for difference of opinion as to whether an employee can pursue civil penalties under PAGA for only those Labor Code violations allegedly suffered by that individual employee, Plaintiffs argument is entirely misplaced because—as discussed above—Plaintiffs here are still pursuing penalties as to a group of allegedly aggrieved employees: the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 32434350.12

5

CHASE'S OPPOSITION TO PLAINTIFFS'
REQUEST FOR CLARIFICATION

### 3. **Plaintiffs Cannot Demonstrate That Their Proposed Appeal Would Materially Advance The Outcome Of The Litigation.**

Plaintiffs' request also fails to satisfy the § 1292(b) requirement that an appeal now would "materially advance" termination of the litigation. "An interlocutory appeal must be likely to materially speed up the termination of the litigation," and if "an interlocutory appeal would actually delay the conclusion of the litigation, the Court should not certify the appeal." *Flo & Eddie*, 2014 WL 12614472, at *2. When a case has a "forthcoming trial date that likely predates the resolution of the issue on appeal, interlocutory appeal is not appropriate." *Id.*

Here, Plaintiffs cannot satisfy the "materially advance" requirement because their proposed appeal so close to trial would "delay rather than materially advance the termination of the litigation." *Id.* Even assuming Plaintiffs' requested appeal was certified by this Court and accepted by the Ninth Circuit, trial would be completed long before any Ninth Circuit decision. *See id.* (holding appeal would not materially advance litigation where parties are "unlikely to have briefed the issues for appeal" by the trial date set nine months out).

Moreover, regardless of the trial outcome, there may be an appeal by at least one of the parties concerning the application of the California Supreme Court's decision in *Kilby v. CVS Pharmacy, Inc.*, 63 Cal. 4th 1 (2016), to the circumstances here. Accordingly, "[j]udicial economy and efficiency is best served by holding the trial so that all pretrial and trial issues can be raised in that appeal at one time." *Millenkamp v. Davisco Foods Int'l, Inc.*, 2009 WL 10678657, at *5 (D. Idaho); *see also Dees v. Cnty. of San Diego*, 2016 WL 8673910, at *2-3 (S.D. Cal. Sept. 30, 2016).

In their request, Plaintiffs briefly assume (without any legal support) that an interlocutory appeal would materially advance this litigation because, if granted, it

---

four named Plaintiffs. Plaintiffs' position on individual PAGA claims is also legally incorrect for all of the reasons stated in Chase's Response to Plaintiff's November 10, 2017 Case Status Statement. *See* Dkt. 242 at 1-5.

would enable the Court to avoid a second trial addressing Plaintiffs' claim for PAGA penalties for alleged seating violations as to some broader group of Chase Tellers. Pls.' Mot. at 3. However, Plaintiffs' concerns over separate trials actually weigh *against* the Court's certifying an interlocutory appeal. Because Plaintiffs are proceeding under PAGA, they only have standing to pursue civil penalties on behalf of the State if they are "aggrieved employees." Cal. Labor Code § 2699(a); *see also Wassink v. Affiliated Computers Servs., Inc.*, 2011 WL 13077358, at *3 (C.D. Cal. Dec. 21, 2011) (employee had no standing to bring PAGA claim where he was not subjected to alleged Labor Code violation). If, as Chase intends to prove at trial, Plaintiffs did not suffer any seating violations, then they would not be aggrieved and would lack standing to pursue PAGA seating claims altogether. Because trial could render Plaintiffs' proposed appeal moot, interlocutory appeal is inappropriate. *See Lillehagen v. Alorica, Inc.*, 2014 WL 2009031, at *7 (C.D. Cal. May 15, 2014).

  Moreover, even if the Ninth Circuit agreed with Plaintiffs' position, that decision would not alleviate the need for the upcoming trial addressing the alleged seating violations as to the named Plaintiffs. Because, as this Court has repeatedly recognized, there are "significant differences between various tellers employed by [Chase]," an "individualized analysis" of each Chase Teller will still be required to determine whether that Teller suffered a seating violation under *Kilby*. *See* Dkt. 239 at 4-5. Because the need for the upcoming trial "remains in the case regardless of the correctness of the Court's ruling," Plaintiffs' assertions "that interlocutory appeal would advance the resolution of the litigation are unpersuasive." *Lillehagen*, 2014 WL 2009031, at *7; *see also City of Colton*, 2011 WL 13223883 (no material advancement where "litigation will likely go on" regardless of appeal).

### III. CONCLUSION

Plaintiffs' request has no merit.

Dated: January 3, 2018

MORGAN, LEWIS & BOCKIUS LLP

By  /s/ Carrie A. Gonell
  Carrie A. Gonell
  Attorneys for Defendant
  JPMORGAN CHASE BANK

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 32434350.12

8

CHASE'S OPPOSITION TO PLAINTIFFS'
REQUEST FOR CLARIFICATION