MORGAN, LEWIS & BOCKIUS LLP
CARRIE A. GONELL, SBN 257163
carrie.gonell@morganlewis.com
JOHN D. HAYASHI, SBN 211077
john.hayashi@morganlewis.com
ALEXANDER L. GRODAN, SBN 261374
alexander.grodan@morganlewis.com
JOEL M. PURLES, SBN 266208
joel.purles@morganlewis.com
600 Anton Boulevard, Suite 1800
Costa Mesa, CA  92626-7653
Tel:  949.399.7000
Fax:  949.399.7001

SAM S. SHAULSON, *appearing Pro Hac Vice*
sam.shaulson@morganlewis.com
101 Park Avenue
New York, NY 10178-0060
Tel:  212.309.6000
Fax:  212.309.6001

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEMAH HENDERSON, TAQUONNA LAMPKINS, CAROLYN SALAZAR, and TAMANNA DALTON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>JPMORGAN CHASE BANK; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 11-CV-03428-PSG (PLAx)<br><br>Hon. Philip S. Gutierrez<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT AGREEMENT AND FOR SANCTIONS**<br><br>Date:  February 4, 2019<br>Time:  1:30 p.m.<br>Ctrm.:  6A |

## PUBLIC REDACTED VERSION

## FILED UNDER SEAL

## PURSUANT TO ORDER OF THE COURT DATED DECEMBER 10, 2018

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 35432475

CHASE'S MEMORANDUM IN SUPPORT
OF MOTION TO ENFORCE
SETTLEMENT AGREEMENT

# TABLE OF CONTENTS

**Page(s)**

I.     INTRODUCTION ............................................................. 1

II.    STATEMENT OF RELEVANT FACTS ...................................... 2

    A.    Following A Prior Violation Of A Stipulation And Court Order, Plaintiffs Are Warned To Cease Further Sanctionable Conduct. ......... 2

    B.    Following Plaintiffs' Request For Settlement Discussions, The Parties Execute A Signed MOU Settling Plaintiffs' Claims. .............. 3

    C.    Plaintiffs Represent To This Court That The Parties Had Reached An Agreement To Settle Their Claims. ................................ 5

    D.    Plaintiffs Represent To The Charles Court That The Parties Had Reached An Agreement To Settle Their Claims. ................................ 6

    E.    Plaintiffs Represent To Chase And Other Third Parties That The Parties Had Reached An Agreement To Settle Their Claims. .............. 6

    F.    Notwithstanding The Parties' Agreement To Settle, Plaintiffs' Counsel Now Refuses To Implement The Settlement MOU. .............. 8

III.    ARGUMENT ................................................................. 9

    A.    This Court Has Inherent Power To Enforce The Parties' Executed Settlement MOU. ................................................ 9

    B.    The Parties' Settlement MOU Is Enforceable. .................................. 10

    C.    Plaintiffs Are Estopped From Denying The Settlement. .................... 15

    D.    Plaintiffs' Repeated Bad Faith Conduct Warrants Sanctions. ............ 17

IV.    CONCLUSION ............................................................. 20

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 35432475

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abassi v. Kassab*,
  2006 WL 5671237 (C.D. Cal. Dec. 4, 2006) ........................................................ 12

*Astra Mfg., Inc. v. Jack Rockwell, LLC*,
  2010 WL 11519460 (C.D. Cal. Oct. 6, 2010) ............................................... 18, 20

*Ayse Sen v. Amazon.com, Inc.*,
  2013 WL 6730180 (S.D. Cal. Dec. 19, 2013) ................................... 9, 10, 13, 14

*Blix St. Records, Inc. v. Cassidy*,
  191 Cal. App. 4th 39 (2010) ...................................................................... 15, 16

*Callie v. Near*,
  829 F.2d 888 (9th Cir. 1987) ................................................................................ 9

*Charles v. JPMorgan Chase Bank*,
  Case No. CGC-14-538933 (S.F. Super. Ct.) .............................................. *passim*

*City of Hollister v. Monterey Ins. Co.*,
  165 Cal. App. 4th 455 (2008) .......................................................................... 16

*Clarke v. First Transit, Inc.*,
  2012 WL 12877865 (C.D. Cal. Nov. 2, 2012) ................................................... 18

*Dacanay v. Mendoza*,
  573 F.2d 1075 (9th Cir. 1978) ......................................................................... 14

*Doi v. Halekulani Corp.*,
  276 F.3d 1131 (9th Cir. 2002) ................................................................... 18, 20

*Drescher v. Baby It's You LLC*,
  2011 WL 13142639 (C.D. Cal. Dec. 21, 2011) ................................................. 9

*Evon v. Law Offices of Sidney Mickell*,
  688 F.3d 1015 (9th Cir. 2012) ......................................................................... 17

*F.D. Rich Co., Inc. v. U.S. for Use of Indus. Lumber Co., Inc.*,
  417 U.S. 116 (1974) ........................................................................................ 18

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 35432475

ii

CHASE'S MEMORANDUM IN SUPPORT
OF MOTION TO ENFORCE
SETTLEMENT AGREEMENT

*F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*,
   244 F.3d 1128 (9th Cir. 2001) ............................................................... 18

*Fabric Selection, Inc. v. Zulily LLC*,
   2018 WL 1773111 (C.D. Cal. Apr. 9, 2018) ......................................... 14

*Facebook, Inc. v. Pac. Nw. Software, Inc.*,
   640 F.3d 1034 (9th Cir. 2011) ................................................ 10, 12, 15

*In re Gerry*,
   670 F. Supp. 276 (N.D. Cal. 1987) ...................................................... 16

*Guzik Technical Enters., Inc. v. W. Digital Corp.*,
   2014 WL 12465441 (N.D. Cal. Mar. 21, 2014) ............................ 9, 10, 12

*Henderson v. Yard House Glendale, LLC*,
   456 F. App'x 701 (9th Cir. 2011) ................................... 6, 11, 12, 18

*Integra Lifesciences I, Ltd. v. Merck KGaA*,
   190 F.R.D. 556 (S.D. Cal. 1999) ........................................................... 7

*Juran v. Epstein*,
   23 Cal. App. 4th 882 (1994) ............................................................... 17

*Trs. of Operating Eng'rs Pension Trust v. Smith-Emery Co.*,
   2017 WL 275599 (C.D. Cal. Jan. 19, 2017) .......................... 9, 10, 13, 14

*United States v. United Mine Workers of Am.*,
   330 U.S. 258 (1947) ........................................................................... 17

*Whitley v. Siemens Indus., Inc.*,
   2015 WL 3488168 (E.D. Cal. June 2, 2015) .................................... 9, 10

**Statutes**

California Civil Code section 1542 ............................................................ 4

California Labor Code Private Attorneys General Act ("PAGA"),
   Labor Code section 2699 *et seq.* .................................................*passim*

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Costa Mesa

DB2/ 35432475

iii

CHASE'S MEMORANDUM IN SUPPORT
OF MOTION TO ENFORCE
SETTLEMENT AGREEMENT

## I.   **INTRODUCTION**

Plaintiff Taquonna Lampkins, along with state-court plaintiff Michelle Charles (collectively, "Plaintiffs"), refuse to honor their written agreement with Defendant JPMorgan Chase Bank, N.A. ("Chase") and their representations to this Court to settle this action and the duplicative *Charles* state-court action.[1]  Instead, in what has become a pattern of bad faith behavior in this litigation, Plaintiffs and their counsel have yet again:  (1) entered into a written, signed agreement with Chase (this time to settle all claims); (2) represented to this Court that the parties had reached an agreement; (3) benefitted from that agreement both through concessions by Chase and by related court orders, and (4) thereafter sought to entirely evade their agreement and this Court's prior orders to the prejudice of Chase and without cause or justification.  Chase respectfully submits that it is time for this Court to end this seven-year litigation, enforce the parties' signed settlement agreement, and execute on its prior clear warning to Plaintiffs and their counsel that any additional violations of this Court's orders will result in sanctions.

This April, at the end of an all-day, in-person settlement meeting requested by Plaintiffs' counsel, counsel for Plaintiffs and Chase signed a written settlement memorandum of understanding ("MOU") setting forth all material terms that, subject to the court approval required by California's Private Attorneys General Act ("PAGA"), would fully resolve all of Plaintiffs' statewide representative suitable seating claims in this action and the *Charles* action.  Since the parties' execution of the MOU, Plaintiffs have publicly and repeatedly acknowledged that they agreed to a settlement with Chase—including to this Court both in a notice of settlement jointly filed with Chase and in open court.

Notwithstanding Plaintiffs' agreement to the MOU, Plaintiffs' counsel has now informed Chase that "settlement will not be happening" ██████████████

---

[1] *Charles v. JPMorgan Chase Bank*, Case No. CGC-14-538933 (S.F. Super. Ct.) (hereinafter, "*Charles*").

1 ████████████████████████████████████████████████

2 ████████████████████████████████████████████

3 ████████████████████████████████████████████████

4 ████████████████████████████████████████████████

5 ████████████████████████████████████████████████

6 ████████ Plaintiffs' "buyers' remorse" does not permit them or their counsel to now

7 back out of the written settlement agreement that they not only signed, but then

8 openly represented to this Court and the *Charles* court as the parties' settlement.

9       In addition to enforcing the MOU, Plaintiffs and their counsel should also be

10 sanctioned for their bad faith conduct in forcing Chase to file this motion despite

11 their agreement to the MOU and their latest violations of this Court's Orders—

12 namely, the September 4, 2018 Order requiring Plaintiffs to submit the parties'

13 written settlement to the Court.  When Plaintiffs' counsel sought to evade the

14 parties' September 2013 PAGA penalty abatement stipulation and Order (which

15 also required this Court's enforcement), this Court previously warned Plaintiffs'

16 counsel in the clearest of terms that "additional attempts to circumvent this Court's

17 orders or the filing of motions that rehash arguments already addressed by the Court

18 will result in monetary sanctions."  Dkt. 211 at 9.  Because, despite the Court's

19 prior warning, Plaintiffs' counsel continues to act in bad faith and in violation of

20 this Court's Orders, sanctions against Plaintiffs and their counsel are warranted.

**II.**    **STATEMENT OF RELEVANT FACTS**

    **A.**    **Following A Prior Violation Of A Stipulation And Court Order, Plaintiffs Are Warned To Cease Further Sanctionable Conduct.**

      In September 2013, the parties in this action jointly signed a stipulation to

stay this action pending Plaintiffs' appeal of the Court's denial of class certification.

In exchange for Chase's agreement to stay all proceedings, including the

adjudication of its motion for summary judgment, Plaintiffs agreed to an abatement

of all PAGA penalties—"either in this action or for any individual on whose behalf

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 35432475

2

CHASE'S MEMORANDUM IN SUPPORT
OF MOTION TO ENFORCE
SETTLEMENT AGREEMENT

Plaintiffs purport to proceed"—during the stayed appeal period.  Dkt. 154.  That stipulation was then approved by this Court in a subsequent Order.  Dkt. 155. Despite that stipulation and Order, in April 2014 Plaintiffs' counsel improperly filed the *Charles* action in state court to pursue the same PAGA penalties for the same seating violations alleged here, including the abated penalties.  *See* Dkt. 203-2, Ex. 16; *see also* Dkt. 211 at 2-3. Moreover, after the appeal concluded, Plaintiffs not only moved to stay this action in favor of the improperly-filed *Charles* action, but also tried to recover penalties arising during the agreed-upon penalty abatement period in violation of the September 2013 stipulation and Order.  This required Chase to move to enforce that stipulation and order.  Dkt. 200, 201-02, 206.  In an Order dated May 1, 2018, this Court granted Chase's motion to enforce the September 2013 stipulation and Order and denied Plaintiff's request for a stay, holding in the process that the *Charles* "proceedings were initiated in violation of the Stipulation" and requiring Plaintiffs' counsel to "refrain from seeking" in any action the abated penalties.  Dkt. 211 at 5, 9.  The court further warned Plaintiffs' counsel that "additional attempts to circumvent this Court's orders or the filing of motions that rehash arguments already addressed by this Court will result in monetary sanctions."  *Id.* at 9.

### B.   Following Plaintiffs' Request For Settlement Discussions, The Parties Execute A Signed MOU Settling Plaintiffs' Claims.

On April 7, 2018—less than three weeks before trial was set to begin on April 24, 2018, and after the parties had already exchanged and submitted witness and exhibit lists and filed motions in limine with the Court—Plaintiffs' counsel contacted counsel for Chase by telephone and requested that the parties meet in person to discuss reaching settlement of Plaintiffs' claims.  Declaration of Carrie A. Gonell ("Gonell Decl.") ¶ 2.  In response, Chase's counsel met with Plaintiffs' counsel near San Diego, California on April 10, 2018, to discuss settlement. *Id.* ¶ 3.  Following an entire day's negotiations, Plaintiffs and Chase, by and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 35432475

3

CHASE'S MEMORANDUM IN SUPPORT
OF MOTION TO ENFORCE
SETTLEMENT AGREEMENT

through their respective counsel, agreed to settle all claims brought by each of the Plaintiffs on a statewide representative basis pursuant to PAGA.  *Id.*  The parties recorded the terms of their settlement in the MOU, which was signed by counsel for both Plaintiffs and Chase that same day.  *Id.* ¶¶ 3-4, Ex. A.



### C.   Plaintiffs Represent To This Court That The Parties Had Reached An Agreement To Settle Their Claims.

On April 12, 2018—two days after signing the MOU—Plaintiff Lampkins jointly filed with Chase a Notice of Settlement of All Claims and Request for Court Conference with this Court, which expressly noticed that "Plaintiff Taquonna Lampkins and Defendant JPMorgan Chase Bank, by and through their counsel of record, have **reached an agreement** to settle all claims between the parties." Dkt. 292.  The notice further stated that, "[i]n light of the settlement, the parties will not be appearing for trial on April 24, 2018." *Id.*  At a conference held before this Court on April 16, 2018 to address the parties' settlement, counsel for Plaintiffs and Chase again represented in open court that the parties had reached a settlement "on a representative basis statewide dating from 2010 to the present" that "will resolve not only all of the claims currently pending in this case but will also resolve the *Charles* case," and, at Plaintiffs' counsel's behest, requested permission from this Court to seek approval of the representative portion of the settlement agreement in the *Charles* action.  Gonell Decl. ¶ 5, Ex. B at 3:17-4:25; *see also* Dkt. 310.  As a result of the parties' representations, this Court vacated the trial date and the motions in limine and ordered the parties to "memorialize the settlement in writing and submit it to the Court by June 29."  Dkt. 295-96.

On June 29, 2018, Plaintiff and Chase submitted a joint stipulation which reiterated that the parties "had reached an agreement to settle all claims," including the claims brought in the *Charles* action, and asked for a sixty-day extension to allow the parties to file a motion for settlement approval with the *Charles* Court. *See* Dkt. 300 at 1-2.  On August 28, 2018, Plaintiffs once again reiterated their settlement agreement with Chase.  *See* Dkt. 302.  As a result of these representations, the Court twice extended the deadline to file the settlement submission, with the last deadline being October 29, 2018.  *See* Dkt. 301, 303.  As of the date of filing this motion, Plaintiff has not filed the settlement submission as

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 35432475

5

CHASE'S MEMORANDUM IN SUPPORT
OF MOTION TO ENFORCE
SETTLEMENT AGREEMENT

ordered by the Court.

**D.   Plaintiffs Represent To The _Charles_ Court That The Parties Had Reached An Agreement To Settle Their Claims.**

After obtaining permission from this Court to reopen the stayed _Charles_ state court action to seek approval of the settlement in that action, Plaintiffs and their counsel filed a stipulation on May 22, 2018, with the _Charles_ court to "remove the stay and restore th[at] case to civil active status for the _**specific and limited purpose**_ of:  (1) adjudicating the Parties' forthcoming motion for review and approval of their settlement agreement, and (2) if settlement is approved, of overseeing the administration and enforcement of the terms of the settlement agreement."  _See_ Gonell Decl. Ex. C.  In that stipulation, Plaintiffs confirmed to the _Charles_ Court that "[t]he parties _**have now reached a settlement**_, subject to court approval, of both the _Henderson_ case and the representative claims alleged in this action," and submitted the same Notice of Settlement filed in this action.  _Id._, Ex. C ¶ 3.

Plaintiffs once again reiterated the parties' settlement agreement in a joint ex parte motion to lift the stay filed in the _Charles_ action on June 13, 2018.  _See id._, Ex. D.  That motion again indicated that the parties were seeking to lift the stay on a limited basis "to facilitate a settlement," and specifically explained that "the parties entered into a Memorandum of Understanding that would resolve both the federal _Henderson_ action and this state court action on April 10, 2018."  _Id._, Ex. D at 1-2.  Plaintiffs also pointed the _Charles_ court yet again to the Notice of Settlement filed with this Court.  _Id._  As a result of these representations, the _Charles_ court entered an order lifting the stay of that action "for the specific and limited purposes of adjudicating the forthcoming motion for review and approval of the parties' settlement agreement."  _Id._, Ex. E.

**E.   Plaintiffs Represent To Chase And Other Third Parties That The Parties Had Reached An Agreement To Settle Their Claims.**

Immediately following the parties' execution of the MOU on April 10, 2018, Plaintiffs repeatedly confirmed to Chase and other third parties that the parties had

settled Plaintiffs' claims through the signed MOU.  For example:

- On April 24, 2018, after improperly serving document subpoenas on third party banks,[2] Plaintiffs' counsel sent an email to Bank of the West informing them that "[t]he case **has settled** and the records are no longer needed."  Gonell Decl. Ex. F (emphasis added).

- On May 1, 2018, Plaintiff's counsel sent an email to Chase's counsel ████████████████████████████████████████████████

- On May 9, 2018, in an email exchange ████████████████████████████████████████████████

As a result of the executed MOU and Plaintiffs' repeated representations to Chase, this Court, the *Charles* Court, and others that a settlement of Plaintiffs' claims has been reached, Chase has acted consistent with the parties' settlement agreement.  For instance, Chase both jointly informed this Court of the settlement and that the parties would not appear at trial, and also entirely ceased all further preparations for trial—which at that point was only two weeks away.  *See* Dkt. 292, 310; Gonell Decl. ¶ 12-14.  Chase has further stipulated to remove the stay for settlement purposes in the duplicative *Charles* state court litigation to effectuate Plaintiffs' request to seek court approval in that action, which has required Chase to proceed in two different forum over the same claims.  Gonell Decl. Ex. C. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

---

[2] "Subpoenas under Rule 45 are discovery, and must be utilized within the time period permitted for discovery in a case." *Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 561 (S.D. Cal. 1999).  Here, Plaintiff's document subpoenas on third party banks—which Plaintiff never even sent to Chase—were served well outside the discovery cutoff and were entirely improper.

**F.    Notwithstanding The Parties' Agreement To Settle, Plaintiffs' Counsel Now Refuses To Implement The Settlement MOU.**

On October 5, 2018, Plaintiffs' counsel reserved a hearing date with the *Charles* court of November 27, 2018, in anticipation of Plaintiffs' filing a motion for settlement approval, which Plaintiffs' counsel was to prepare pursuant to the terms of the MOU.  Gonell Decl. Ex. I. ███████████████████

████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████

████████████████████████████████████████

████████████████████████████████

On November 12, 2018, Plaintiffs' counsel sent an email to the *Charles* court stating that "settlement will not be happening."  *Id.*, Ex. L.  At a subsequent status conference held before the *Charles* Court on November 27, 2018, Plaintiffs' counsel again repeated in open court Plaintiffs' position that there is no settlement. *Id.*, ¶ 19.  Although Plaintiffs' counsel also stipulated to stay the *Charles* action while this action proceeds, he only agreed to a stay of four months.  *Id.*  On November 28, 2018, the *Charles* action entered an order staying that case for all purposes until March 27, 2019, and further ordered that, "[e]ffective March 27, 2019, all previous stays entered in this action, and this stay, will be lifted and the parties must proceed diligently with the case."  *Id.*, Ex. M.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 35432475

8

CHASE'S MEMORANDUM IN SUPPORT
OF MOTION TO ENFORCE
SETTLEMENT AGREEMENT

### III.   ARGUMENT

#### A.   This Court Has Inherent Power To Enforce The Parties' Executed Settlement MOU.

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it."[3] *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987); *see also Trs. of Operating Eng'rs Pension Trust v. Smith-Emery Co.*, 2017 WL 275599, at *4 (C.D. Cal. Jan. 19, 2017) (same); *Drescher v. Baby It's You LLC*, 2011 WL 13142639, at *4 (C.D. Cal. Dec. 21, 2011) (same).  So long as the settlement agreement is "complete" and both parties have consented to the agreement, either directly or through their respective counsel, the settlement agreement should be enforced.  *Ayse Sen v. Amazon.com, Inc.*, 2013 WL 6730180, at *2 (S.D. Cal. Dec. 19, 2013); *see also Whitley v. Siemens Indus., Inc.*, 2015 WL 3488168, at *2 (E.D. Cal. June 2, 2015) (same).  In other words, "[a]s long as a 'meeting of the minds' has been reached as to the essential terms, it is enforceable."  *Whitley*, 2015 WL 3488168, at *2.

Courts' enforcement of a settlement agreement is "governed by principles of local law that apply to interpretation of contracts."  *Guzik Technical Enters., Inc. v. W. Digital Corp.*, 2014 WL 12465441, at *2 (N.D. Cal. Mar. 21, 2014) (citing *United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992)).  "California has a strong policy in favor of enforcing settlement agreements."  *Whitley*, 2015 WL 3488168, at *2.  As a result, any "party challenging the validity of a settlement agreement carries a heavy burden."  *Guzik Technical Enters.*, 2014 WL 12465441, at *2.

"In determining whether mutual assents exists, the court must apply an objective standard to the outward manifestations or expressions of the parties, *i.e.*, the reasonable meaning of their words and acts, and not their unexpressed

---

[3] The enforceability of a settlement agreement is a question of law to be determined by this Court.  *Trs. of Operating Eng'rs Pension Trust*, 2017 WL 275599, at *4 (C.D. Cal. Jan. 19, 2017) .

intentions or understandings." *Trs. of Operating Eng'rs Pension Trust*, 2017 WL 275599, at *8 (internal quotation marks omitted).  In other words, the "intent of the party is irrelevant if it is unexpressed.  Outward manifestation is controlling." *Ayse Sen*, 2013 WL 6730180, at *2 (internal citation omitted).  "When adversaries in a roughly equivalent bargaining position and with ready access to counsel sign an agreement to establish a general peace, [courts] enforce the clear terms of the agreement." *Facebook, Inc. v. Pac. Nw. Software, Inc.*, 640 F.3d 1034, 1039 (9th Cir. 2011) (internal quotation marks omitted).

Furthermore, "[u]nder California law, a signed document is a valid agreement if it contains all material terms in a reasonably definite manner." *Guzik Technical Enters.*, 2014 WL 12465441, at *2; *see also Whitley*, 2015 WL 3488168, at *3 ("In order to be binding, a settlement need only be sufficiently definite to enable a court to give it meaning.").  "'When parties intend that an agreement be binding, the fact that a more formal agreement must be prepared and executed does not alter the validity of the agreement.'" *Trs. of Operating Eng'rs Pension Trust*, 2017 WL 275599, at *4 (quoting *Blix St. Records, Inc. v. Cassidy*, 191 Cal. App. 4th 39, 48 (2010)).  California law also "allows parties to delegate choices over terms, so long as the delegation is constrained by the rest of the contract and subject to the implied covenant of good faith and fair dealing." *Facebook, Inc.*, 640 F.3d at 1037-38.  Even a settlement that omits "an important term that affects the value of the bargain" is enforceable, "so long as the terms it does include are sufficiently definite for a court to determine whether a breach has occurred, order specific performance or award damages." *Id.*  "This is ***not a very demanding test***." *Id.* at 1038 (emphasis added).

## B.     The Parties' Settlement MOU Is Enforceable.

The parties' MOU must be enforced because, in resolving Plaintiffs' statewide PAGA representative claims alleged here and in the *Charles* litigation, Plaintiffs and Chase agreed on all essential terms of the settlement in the MOU and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 35432475

10

CHASE'S MEMORANDUM IN SUPPORT
OF MOTION TO ENFORCE
SETTLEMENT AGREEMENT

objectively manifested an intent to be bound by those terms.

**First**, after Chase agreed to Plaintiff's counsel's request to discuss settlement, the parties had an all-day, in-person settlement meeting where they executed the written MOU, █████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████

█ ██████████████████████████████████████████████████

█ ██████████████████████████████████████████████████████

█ █████████████████████████████████████████

█ ████████████████████████████████████████████████████████

█ ████████████████████████████████████████████████████████

█ ███████████████████████████████████████████████████████████

█ ██████████████████████████████████████████████████████████

█ █████████████████████████████████████████████████████

█ ███████████████████████████████

█ ████████████████████████████████████████████████████████

█ ██████████████████████████████████████████████

█ ████████████████████████████████████████████████████

██████████████████████

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 35432475

11

CHASE'S MEMORANDUM IN SUPPORT
OF MOTION TO ENFORCE
SETTLEMENT AGREEMENT

Because "the essence of the settlement agreement is stated in the Memorandum of Understanding," *Abassi v. Kassab*, 2006 WL 5671237, at *1 (C.D. Cal. Dec. 4, 2006), the parties' signed MOU "easily passes" California's "not very demanding" test for enforceability, *see Facebook, Inc.*, 640 F.3d at 1037-38 (holding handwritten, one-page term sheet "easily passes" test for enforceability "even though everyone understood that some material aspects of the deal would be papered later").

***Second***, Plaintiffs have clearly and repeatedly manifested their objective understanding that the parties were bound by the terms of the MOU.  For instance, Plaintiffs have, by and through their appointed counsel, signed the MOU, which in and of itself is sufficient to show their objective intent to be bound by its terms.

Plaintiffs have also made numerous representations to this Court and the *Charles* court of their understanding that the parties had reached a settlement agreement.  In the parties' jointly-filed Notice of Settlement of All Claims—filed just two days after the MOU was executed by both parties—the parties informed this Court that Plaintiffs and Chase "have ***reached an agreement*** to settle all claims between the parties."  Dkt. 292 (emphasis added); *see also* Dkt. 300, 302 (same). During a subsequent status conference in this Court on the parties' settlement four days later, counsel for the parties also represented in open court that the parties had settled their claims.  Gonell Decl. ¶ 5, Ex. B.  Plaintiffs likewise made similar representations to the *Charles* Court in filings requesting to lift the stay in that action to obtain court approval of the representative settlement, including that Plaintiffs and Chase "have now reached a settlement," *id.*, Ex. C at 1, and that "the parties entered into a [MOU] that would resolve both the federal *Henderson* action and this state court action on April 10, 2018," *id.*, Ex. D at 1-2.  Through these representations, Plaintiffs "certainly gave the court[s] the impression that [the parties] intended to settle their dispute."  *Guzik Technical Enters.*, 2014 WL 12465441, at *5 (enforcing agreement where, as here, plaintiff signed the term

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 35432475

12

CHASE'S MEMORANDUM IN SUPPORT
OF MOTION TO ENFORCE
SETTLEMENT AGREEMENT

sheet, "filed a 'Joint Notice of Settlement,'" and "appeared in court saying they 'had reached an agreement'").

Following the parties' execution of the MOU, Plaintiffs also represented to Chase and other third parties that the parties had reached a binding settlement. In addition to telling a different bank who had received an improper document subpoena in this action that the "case has settled and the records are no longer needed," Gonell Decl. Ex. F, ███████████████████████████████ ███████████████████████████████████████ ███████████████████████████████████████████ ██████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████ ████████████████████████████████ Thus, the outward actions of Plaintiffs and their counsel in signing the MOU and then representing to this Court, the *Charles* court, and others that the parties had settled clearly and explicitly "demonstrate that the parties intended to form a contract and for the MOU to have binding effect." *See Trs. of Operating Eng'rs Pension Trust*, 2017 WL 275599, at *8; *see also Ayse Sen*, 2013 WL 6730180, at *4 (enforcing settlement where plaintiff both signed the MOU and "outwardly projected the intent and willingness to be bound" to the Magistrate Judge and defendant).

███████████████████████████████████████ ████████████████████████████████████████ ████████████████████████ Because, as discussed above, the parties here have outwardly manifested their intention that the MOU be binding, "the fact that a more formal agreement must be prepared and executed does not alter the validity of the agreement." *Trs. of Operating Eng'rs Pension Trust*, 2017 WL 275599, at *4. Here, as discussed above, the parties clearly intended the MOU



to be binding. ███████████████████████████████████

████████████████████████████████████████████████

███████████   *See Fabric Selection, Inc. v. Zulily LLC*, 2018 WL 1773111, at *5 (C.D. Cal. Apr. 9, 2018) (enforcing settlement where parties' settlement communications did not suggest "that the parties understood that a long-form agreement was necessary" for the settlement to be binding). ████████████

█████████████████████████████████████████████████████

██████████████████████████████████

Finally, the fact that Plaintiffs (or their counsel) have now changed their minds regarding settlement does not have any effect on the parties' binding settlement agreement. "[W]hat [Plaintiffs' counsel] claims [Plaintiffs] would agree to today does not affect whether [Plaintiffs] ha[ve] already agreed to the settlement set forth in the MOU." *Trs. of Operating Eng'rs Pension Trust*, 2017 WL 275599, at *8; *see also Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978) ("[A] litigant can no more repudiate a compromise agreement than he could disown any other binding contractual relationship."). ████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████

Because "[t]he Court does not provide relief for a party's cold feet," the parties' MOU must be enforced. *Ayse Sen*, 2013 WL 6730180, at *4.

In sum, because Plaintiffs agreed to settle all of their claims alleged here and in the *Charles* action, that agreement must be enforced. As the Ninth Circuit stated under similar circumstances, "[a]t some point, litigation must come to an end. That point has now been reached." *Facebook, Inc.*, 640 F.3d at 1042.

## C.   **Plaintiffs Are Estopped From Denying The Settlement.**

Plaintiffs should separately be estopped from denying that they are bound by a settlement based upon the representations that they and their Counsel have made and subsequent actions taken in reliance on those representations.

***First***, Plaintiffs and their counsel should be judicially estopped from denying the enforcement of the MOU. Judicial estoppel applies when:

> (1) the same party has taken two positions; (2) the positions were taken in judicial . . . proceedings,; (3) the party was successful in asserting the first position (*i.e.*, the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake.

*Blix Street Records*, 191 Cal. App. 4th at 47. Judicial estoppel is "designed to protect the integrity of the judicial process," and "may be based on a position taken by a party or party's legal counsel." *Id.* at 48. Estoppel of any kind can "be used to bind a party to what would otherwise be an unenforceable contract." *Id.* at 49-50.

Here, judicial estoppel applies due to Plaintiffs' representations to this Court and the *Charles* court that the case had settled pursuant to the parties' agreement, which led this Court to vacate proceedings on the eve of trial (and after the parties had already submitted witness lists, exhibits, and submitted a final pretrial conference order), *see* Dkt. 292, 295-96, 300-303, 310, and the *Charles* Court to lift the stay of that action and deem it complex, *see* Gonell Decl. Exs. D-E. Because Plaintiffs now take the opposite position that there never was a settlement, Plaintiffs and their counsel's prior successful representations should prevent them from now claiming an enforceable settlement does not exist. *See Blix St. Records*, 191 Cal. App. 4th at 51 (judicially estopping plaintiff from denying settlement where trial court stopped proceedings right before trial based on representations that there was

1    a settlement agreement).

2         **Second**, Plaintiffs and their counsel should be equitably estopped from

3    denying the enforcement of the MOU.  "The doctrine of equitable estoppel may

4    estop a party from denying the enforceability of a contract."  *Id.* at 50.  Equitable

5    estoppel focuses on representations made to the parties, and applies where:

6    "(1) [t]he party to be estopped engaged in blameworthy or inequitable conduct;

7    (2) that conduct caused or induced the other party to suffer some disadvantage; and

8    (3) equitable considerations warrant the conclusion that the first party should not be

9    permitted to exploit the disadvantage he has thus inflicted upon the second party."

10   *City of Hollister v. Monterey Ins. Co.*, 165 Cal. App. 4th 455, 488 (2008).

11   █████████████████████████████████████████████████████

12   ██████████████████████████████████████████████████████████

13   ████████████████████████████████   For instance, Chase requested this Court to

14   vacate trial just days before it was set to begin and after witnesses were notified and

15   prepared.  Plaintiffs' sudden reversal of position now, seven months later, would

16   negate Chase's prior efforts to prepare for trial.  *See In re Gerry*, 670 F. Supp. 276,

17   281-82 (N.D. Cal. 1987) (equitably estopping defendant from avoiding settlement

18   agreement where "valuable time" and "preparation" was wasted and it will be

19   "much harder to put on proof at trial").

20        Moreover, even though it had already successfully moved to stay the *Charles*

21   action pending completion of this case, Chase also agreed in reliance on the parties'

22   settlement agreement to reopen *Charles* (at Plaintiffs' counsel's request) for the

23   limited purpose of seeking approval of the parties' statewide representative

24   settlement in that case.  *See* Gonell Decl. ¶¶ 12-13; *id.*, Ex. B at 3-4; *id.*, Ex. C ¶¶ 3-

25   5.  Despite the parties' stipulation that *Charles* would again be stayed until the

26   conclusion of this case in the event that the parties' settlement was not approved,

27   *id.*, Ex. C ¶ 6, the *Charles* court has now ordered that, "[e]ffective March 27, 2019,

28   *all previous stays* entered in this action, and this stay *will be lifted* and the parties

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 35432475

16

CHASE'S MEMORANDUM IN SUPPORT
OF MOTION TO ENFORCE
SETTLEMENT AGREEMENT

*must proceed* diligently with the [*Charles*] case," *id.*, Ex. M (emphases added). Thus, absent enforcement here of the parties' agreement, Chase will be unjustly required to defend itself in this action while simultaneously defending itself against the same overlapping seating claims in that previously-stayed state court action. The stay of *Charles* would still be in effect absent the parties' settlement.

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████████████████

█████████████████████████████ Because "an unconscionable injury would result from denying enforcement [of the MOU] after [Chase] has been induced to make a serious change of position in reliance on the contract," Plaintiffs' should be equitably estopped from denying enforcement of the MOU. *See Juran v. Epstein*, 23 Cal. App. 4th 882, 892 (1994).

### D.   Plaintiffs' Repeated Bad Faith Conduct Warrants Sanctions.

District courts, in their discretion, may sanction parties and their counsel for the "'willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012) (quoting *Fink v. Gomez*, 239 F.3d 989, 991-93 (9th Cir. 2001). These sanctions are necessary both "to coerce the [disobedient party] into compliance with the court's order, and to compensate the complainant for losses sustained." *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947) (citing *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 448-49 (1911)). Such "[c]oercive sanctions take into account the 'character and magnitude of the harm threatened by the continued contumacy, and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 35432475

17

CHASE'S MEMORANDUM IN SUPPORT
OF MOTION TO ENFORCE
SETTLEMENT AGREEMENT

1  the probable effectiveness of any suggested sanction.'" *Clarke v. First Transit, Inc.*,

2  2012 WL 12877865, at *11 (C.D. Cal. Nov. 2, 2012) (quoting *Gen. Signal Corp. v.*

3  *Donallco, Inc.*, 787 F.2d 1376. 1380 (9th Cir. 1985)).

4      The Ninth Circuit has repeatedly found no abuse of discretion where district

5  courts issue sanctions against a party or counsel who unreasonably refuses to

6  finalize a written agreement memorializing the settlement terms to which the parties

7  have already agreed to be bound.  *See Doi v. Halekulani Corp.*, 276 F.3d 1131,

8  1141 (9th Cir. 2002) (affirming sanctions for plaintiff's "unreasonable failure to

9  sign the written [settlement] agreement"); *Henderson v. Yard House Glendale*,

10  *LLC*, 456 F. App'x 701, 702-03 (9th Cir. 2011).  Such sanctions can and should

11  also include an award of attorneys' fees for compelling execution of the long form

12  settlement agreement.  *See Astra Mfg., Inc. v. Jack Rockwell, LLC*, 2010 WL

13  11519460, at *1 (C.D. Cal. Oct. 6, 2010) (ordering sanctioned parties to pay "legal

14  bills incurred in compelling [the parties] to sign" the written settlement agreement

15  memorializing the settlement "until the day [the parties] sign the written

16  agreement"); *see also F.D. Rich Co., Inc. v. U.S. for Use of Indus. Lumber Co.,*

17  *Inc.,* 417 U.S. 116, 129 (1974) ("We have long recognized that attorneys' fees may

18  be awarded to a successful party when his opponent has acted in bad faith,

19  vexatiously, wantonly, or for oppressive reasons . . . ."); *F.J. Hanshaw Enters., Inc.*

20  *v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001) (same).

21      Here, the attempts by Plaintiffs and their counsel to avoid their

22  responsibilities under the parties' MOU can only be described as bad faith,

23  vexatious, wanton, and oppressive. ███████████████████████

24  ███████████████████████████████████████

25  ███████████████████████████████████████

26  ████████████████████████████████

27  ███████████████████████████████████████

28  ███████████████████████████████████████

1 ▮▮▮▮▮▮▮▮▮▮▮▮▮

2      Furthermore, even if Plaintiffs and their counsel can somehow provide an

3 innocent explanation for their conduct, that conduct would still directly violate this

4 Court's Orders.  Following the parties' joint notice of settlement and Plaintiffs'

5 representations before the Court that the parties have settled, this Court ordered the

6 parties to "memorialize the settlement in writing and submit it to the Court."

7 Dkt. 296.  Although the deadline for that submission was twice extended by

8 stipulation with the understanding that the additional time would facilitate

9 executing the long form agreement, the most recent deadline has now come and

10 passed.  After this last extension, however, Plaintiffs' counsel has now chosen to

11 reinstitute litigation in violation of this Court's Order.

12      The actions of Plaintiffs and their counsel are contrary to the very group of

13 Chase employees ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ that Plaintiffs are

14 allegedly seeking to represent through this action and the *Charles* action.  ▮▮▮▮

15 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

16 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

17 ▮▮▮  If the State of California itself was prosecuting this action instead of

18 Plaintiffs (who are acting as private attorneys general on the State's behalf), the

19 State would not attempt to withdraw ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

20 ▮▮▮▮▮▮▮▮▮ to the detriment of allegedly aggrieved employees.  The Court

21 should therefore sanction Plaintiffs' counsel in order to protect the interests of the

22 general public whose interests he has been entrusted with under PAGA.[4]

23      The need for sanctions is further underscored by Plaintiffs' counsel's past

24 history in this action of the exact same type of wrongful conduct.  Indeed, this is not

25 the first time that the parties have mutually entered into an agreement only for

26

---

27 [4] In light of Plaintiffs' counsel's current refusal to abide by his clients' own settlement and his continued vexatious and bad faith conduct in this litigation detrimental to the interests of the State and to the employees at issue, Plaintiffs'

28 counsel should be ordered to show cause why he should not be disqualified from representing Plaintiffs or the State of California further.

Plaintiffs' counsel to attempt to escape the terms to which he was bound after Chase honored the agreement.  After stipulating with Chase in September 2013 to abate the accrual of PAGA penalties in exchange for a stay of proceedings pending Plaintiffs' appeal, Plaintiffs' counsel sought to stay this action so that he could violate the abatement stipulation and corresponding Order in the duplicative and improperly-filed *Charles* action.  *See* Dkt. 211 at 2-3, 4-5, 9.  Although this Court did not sanction Plaintiffs' counsel's conduct at that time, this Court warned that "additional attempts to circumvent this Court's orders or the filing of motions that rehash arguments already addressed by the Court will result in monetary sanctions." *Id.* at 9.  Plaintiffs' counsel is now violating one of this Court's orders yet again.

Chase and this Court should not be forced to endure any more of Plaintiffs' counsel's continued abuse of the judicial process.  Because Plaintiff's Counsel has continued his same bad faith conduct of baselessly ignoring stipulations between the parties as well as the Court's Orders, this is a clear case for sanctions against Plaintiffs' counsel.  Accordingly, Chase respectfully requests that Plaintiffs' counsel be required to compensate Chase for any and all fees and costs incurred by Chase following Plaintiffs' counsel's stated disavowal of the parties' settlement agreement.  *See Astra Mfg.*, 2010 WL 11519460, at *1; *Doi*, 276 F.3d at 1141.

## IV.   **CONCLUSION**

For all of the foregoing reasons, this Court should (1) enforce the parties' settlement agreement pursuant to the terms set forth in the MOU; and (2) order Plaintiffs' counsel to compensate Chase for any and all fees and costs incurred by Chase in connection with this motion for enforcement.

Dated:        December 11, 2018             MORGAN, LEWIS & BOCKIUS LLP


By    /s/ Carrie A. Gonell
     Carrie A. Gonell
     Attorneys for Defendant
     JPMORGAN CHASE BANK

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 35432475

20

CHASE'S MEMORANDUM IN SUPPORT
OF MOTION TO ENFORCE
SETTLEMENT AGREEMENT